*Coke* for plaintiff.

---

# McElroy, &c. *vs* Wathen.

### ERROR TO THE WASHINGTON CIRCUIT.

*Dower.   Damages for detention.*

JUDGE MARSHALL delivered the opinion of the Court.

CHANCERY.

Case 44.

*October* 10.

The case stated.

THIS bill was filed by Anna Wathen, in January, 1826, for the purpose of having her dower assigned in a town lot and appurtenances which her husband having been seized of during the coverture, sold before his death, and delivered possession to the purchaser, but did not convey the title, which remained in his heirs until after the commencement of this suit, when it was conveyed to the purchaser by Commissioner's deed in Chancery. At the June term, 1842, one-third of the lot and appurte-

McElroy &c.
*vs*
Wathen.

nances were assigned and decreed to the complainant for her dower, and the sum of $170, being one-third of the estimated annual value of the lot from the time of filing the bill, after deducting improvements made during the same period, was also decreed to her. From this decree the defendants have appealed to this Court—and there being no question as to the right of dower itself, it is objected that, as the husband had sold the lot during the coverture, his widow is not entitled to rents or damages for detention, even from the commencement of this suit.

By the stutute of *Merton*, in case the husband had aliened land, and did not die seized during coverture, damages for detention of dower were not recoverable.

It was decided by this Court in the case of *Kendall* vs *Honey*. (5 *Monroe*, 282,) which has been generally, though not invariably followed, that when the husband has aliened the land during the coverture, and does not die seized, the widow not being entitled, by the statute of Merton, to recover damages in the writ of dower, *unde nihil habet*, should not recover them when she goes into equity for her dower. Whether at this day, when the right to have compensation for the wrongful detention and use of property is almost universally admitted, an exception should be made in the case of the unjust detention of dower when the husband did not die seized, because damages were not given by the statute of Merton, it is perhaps too late now to inquire. But certainly if this case must be regarded as coming within the exception, and a dowress may be kept out of her dower by sixteen years litigation in Equity, without any recompense for the use which the tenant has enjoyed, and the profits which he has received during that period, it would be an example of singular hardship equivalent in most cases, to the entire destruction or denial of the right, and would go far towards driving claimants of this character, from the equitable to the legal forum, where, from the greater expedition in the remedy, they might expect to realize something by the assertion and establishment of their right.

But this rule does not apply when husband has not conveyed, and the title descends to his heirs.

This case, however, does not come literally within the exception. The husband did not, in a legal sense, alienate the land; but notwithstanding his contract for its sale and conveyance, he died seized of the legal title, and in legal contemplation, seized of the land itself, which was in possession of his *quasi* tenants. And the heirs

having the legal title by descent from the husband of the dowress, her dower was legally demandable from them. The case is, therefore, technically one in which, by the statute of Merton, the widow has a right to damages for the detention of her dower. And although a Court of Equity will, for the purpose of doing justice, regard that as having been done which a party was bound to do and ought to have done; and on this principle might consider the purchaser seized; we suppose this fiction, adopted generally for the purpose of enforcing equity, should not be resorted to for the purpose, or with the effect of sanctioning iniquity. If, when the widow resorts to a Court of Equity for her dower, the Chancellor will not allow her compensation for the delay of her just demand, and for the use by another, of that to which she was entitled, because, in the particular case, she could not have obtained such compensation had she pursued her legal remedy under the statute of Merton, surely he ought not to deny it to her on the ground of an equitable fiction, when if she had pursued the legal remedy she would have obtained it. In Equity the widow was as much entitled to have her dower from the purchaser, when she filed her bill, as the purchaser was entitled to have a conveyance from her husband before his death. And if to secure to the purchaser certain rights against the vendor, a Court of Equity will suppose the conveyance to have been made, or rather will place the purchaser in the same condition as if it had been made, why should it not, on the same principle and for the purpose of securing to the dowress her just rights against the purchaser, suppose that he had assigned to her, her dower, as he was bound to do when it was demanded, or consider her as having the same rights as if this had been done, and on that ground decree to her the profits of her estate which have been unjustly withheld?

Whether this principle which might extend to the case of the husband's alienation by deed, be admissible or not, we are of opinion that in this case the widow, in consequence of her legal right, is entitled in Equity, to the annual value of her dower from the time of filing her bill at least. And we think it apparent from a comparison

McELROY
vs
WATHEN.

"When the title to lands sold by the husband is not conveyed during the coverture, chancery will give dower and damages equal to one third of the value of the rents

CITY OF LOUIS-
VILLE
*vs*
BANK U. S. *et al.*
&c.

accruing from
the commence-
ment of suit un-
til decree ren-
dered.

of the Commissioner's report with the evidence in the record, that too much has not been allowed to her. Nor although the estimated rents appear to be low, do we perceive sufficient ground in the evidence for reversing the decree on the cross errors assigned by the complainant as being for too little. The repairs being necessary to keep up the premises in tenantable condition, were properly chargeable against the rent.

And a sub-pur-
chaser shall ac-
count for rents
accruing after
purchase.

We perceive no error to the prejudice of the complainant, in decreeing against Naylor, a sub-purchaser, who was in possession when the suit was commenced, one-third of the net annual value of the premises from that time until he sold and delivered the possession to McElroy, &c. If the proceeding had been at law, there could have been no distribution of the damages among the successive tenants. It is only upon the equitable principle that he who received the profits to which the widow was entitled, should be decreed to refund them, that McElroy, &c. coming in as purchasers after the commencement of the suit, are subject to a decree for the rents, and this principle does not charge them with the profits accruing before their time, and which they did not receive. And as there is no lien upon the lot itself for the rents, we perceive no principle on which McElroy &c. can be charged for them until they purchased.

Wherefore, the decree is affirmed.

*Morehead & Reed* for plaintiff: *McHenry* for defendant.

---

CHANCERY.